## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CATRINA WARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5503** |
| **RASIER, LLC et al.** | **SECTION: "G"(2)** |

## ORDER AND REASONS

This litigation arises from a motor vehicle collision between Plaintiff Catrina Ward ("Plaintiff") and Defendant Anthony Dominick ("Dominick") when Plaintiff was working as a rideshare driver for Defendant Rasier, LLC, ("Rasier"), more commonly known as "Uber."[1] Rasier is a wholly owned subsidiary of Uber Technologies, LLC, a technology company that facilitates rideshare services between drivers and passengers.[2] Before the Court is Defendant United Financial Casualty Co.'s ("UFCC") Motion for Summary Judgment.[3] UFCC is the alleged uninsured/underinsured motorist ("UM/UIM") carrier for Rasier. UFCC asserts there is no coverage in this matter because Rasier's representative executed a valid and enforceable UM/UIM waiver.[4] Plaintiff opposes the motion and argues that additional discovery is needed.[5] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable

---

[1] Rec. Doc. 1-1.

[2] Rec. Doc. 20-1 at 3.

[3] Rec. Doc. 33.

[4] Rec. Doc. 33-1.

[5] Rec. Doc. 39.

1

law, the Court grants the motion.

## I. Background

Plaintiff filed a Petition for Damages in the Civil District Court for the Parish of Orleans on August 7, 2023.[6] Plaintiff alleges that on or about January 8, 2023, she was waiting to pick up an Uber passenger when Dominick made a right turn off Bienville Street onto Royal Street in New Orleans and slammed into her parked car.[7] Plaintiff alleges that after the collision occurred, Dominick immediately reversed his vehicle and fled the scene.[8] According to Plaintiff, Dominick is an underinsured motorist and his insurer, Allstate Insurance Company, accepted full liability and paid its policy limits to Plaintiff.[9] In addition to Dominick and Rasier, Plaintiff named UFCC and Atlantic Specialty Insurance Company ("Atlantic") as defendants.[10]

Plaintiff alleges that Rasier was obligated to provide uninsured/underinsured motorist coverage to Plaintiff pursuant to state and local statutes while Plaintiff was performing a service for Uber.[11] Plaintiff alleges that UFCC and Atlantic are Rasier's insurers.[12] Plaintiff alleges that she sustained damages including, but not limited to, past and future pain and suffering, past and future mental anguish and suffering, past and future medical expenses, past and future loss of enjoyment of life, past and future lost wages.[13]

---

[6] Rec. Doc. 1-1.

[7] *Id.* at 2.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 1.

[11] *Id.* at 3.

[12] *Id.* at 2–3.

[13] *Id.* at 2.

On September 25, 2023, UFCC removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. Section 1332.[14] UFCC asserts that it is incorporated in Ohio with its principal place of business is in Ohio, Rasier is incorporated in Delaware with its principal place of business in California, and Atlantic is domiciled in New York.[15] Rasier asserts that Dominick, a citizen of Louisiana, was fraudulently joined to defeat diversity because Plaintiff has already settled her claims with Dominick and his insurer, Allstate Fire and Casualty Insurance Company, so there is no longer the possibility that Plaintiff can recover from Dominick.[16] UFCC alleges that Plaintiff "has admitted to keeping Mr. Dominick in the instant suit as a 'nominal defendant' to defeat diversity."[17] UFCC asserts that the $75,000 amount in controversy has been met because Plaintiff has already received $58,836.00 in medical treatment.[18]

On March 14, 2024, Plaintiff filed a Motion for Leave to File Amended and Supplemental Petition for Damages, seeking to add the City of New Orleans as a defendant because Plaintiff alleges that the City of New Orleans failed to enforce a rideshare ordinance, Ord. 161-1722.[19] On April 3, 2024, the Magistrate Judge denied the motion, suggesting in part that Plaintiff sought to add the City of New Orleans as a defendant in order to defeat diversity jurisdiction.[20]

On October 29, 2024, Plaintiff and Raiser filed a joint motion to dismiss with prejudice,[21]

---

[14] Rec. Doc. 1.

[15] *Id.* at 2.

[16] *Id.* at 2–4.

[17] *Id.* at 3–4.

[18] *Id.* at 4.

[19] Rec. Doc. 15.

[20] Rec. Doc. 19 at 8, 10.

[21] Rec. Doc. 38.

which the Court granted.[22] Therefore, UFCC and Atlantic are the only defendants remaining in this matter.

On September 30, 2024, UFCC filed the instant Motion for Summary Judgment.[23] Plaintiff opposed the motion,[24] and UFCC filed a reply brief in further support of the motion.[25]

## II. Parties' Arguments

### A.    *UFCC's Arguments in Support of the Motion*

UFCC asserts there is no coverage in this matter because Rasier's representative executed a valid and enforceable UM/UIM waiver.[26] UFCC attaches an affidavit of Amy E. Wagner, who was employed at that time as Head of North America Insurance for Uber Technologies, Inc.[27] Wagner attests that on March 1, 2022, she executed an uninsured/underinsured motorist bodily injury coverage form waiving UM/UIM coverage.[28]

UFCC contends that Louisiana law allows transportation network companies, like any other insured in the state of Louisiana, to waive UM coverage, select lower limits, or select economic-only coverage, so long as the company complies with the procedures for waiving coverage set forth in Louisiana Revised Statute § 22:1295.[29] UFCC argues that the form executed by Wagner is compliant with Section 22:1295, and the waiver is effective for all insureds on the

---

[22] Rec. Doc. 40.

[23] Rec. Doc. 33.

[24] Rec. Doc. 39.

[25] Rec. Doc. 37.

[26] Rec. Doc. 33-1.

[27] Rec. Doc. 33-3.

[28] *Id.*

[29] Rec. Doc. 33-1 at 6.

policy, including Plaintiff.[30] UFCC asserts that Plaintiff has no evidence to dispute these facts, and therefore, summary judgment must be granted.[31]

**B.    *Plaintiff's Arguments in Opposition to the Motion***

In opposition, Plaintiff contends that she has not had an opportunity to depose a representative of Rasier to confirm the veracity of Wagner's affidavit.[32] Plaintiff argues that the issue of whether UMBI coverage is available to Plaintiff is disputed.[33] According to Plaintiff, she has not been afforded an adequate opportunity to conduct discovery such that summary judgment is not proper at this stage.[34]

**C.    *UFCC's Arguments in Further Support of the Motion***

In the reply, UFCC points out that Plaintiff did not file a Rule 56(d) affidavit or declaration requesting additional discovery.[35] According to UFCC, Plaintiff's argument that she has not had the opportunity to depose a representative of Rasier is insufficient to defeat summary judgment.[36] UFCC notes that this issue was raised in its Answer filed on September 29, 2023, yet Plaintiff has not propounded any discovery or deposition requests on the UM rejection form.[37] UFCC cites a recent state court decision finding that Wagner was authorized to make decisions on behalf of

---

[30] *Id.* at 7–8.

[31] *Id.* at 10.

[32] Rec. Doc. 39 at 2.

[33] *Id.*

[34] *Id.*

[35] Rec. Doc. 37 at 2.

[36] *Id.*

[37] *Id.* at 3.

Raiser.[38] UFCC argues that further discovery is not warranted, justified, or necessary.[39]

### III. Legal Standard

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[40] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[41] All reasonable inferences are drawn in favor of the nonmoving party.[42] Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[43] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[44] The nonmoving party may not rest upon the pleadings.[45] Instead, the nonmoving party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[46]

---

[38] *Id.*

[39] *Id.* at 4.

[40] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[41] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000)).

[42] *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Reeves*, 530 U.S. at 150).

[43] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[44] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cites Serv. Co.,* 391 U.S. 253, 289 (1968)).

[45] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[46] *See id.*; *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine issue of material fact.[47] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[48] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[49] The nonmoving party must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[50]

The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[51] Moreover, the nonmoving party may not rest upon mere allegations or denials in its pleadings.[52]

## IV. Analysis

UFCC asserts there is no coverage in this matter because Rasier's representative executed

---

[47] *Celotex Corp.*, 477 U.S. at 323.

[48] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (internal citation omitted).

[49] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[50] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[51] *Little*, 37 F.3d at 1075 (internal citations and quotation marks omitted).

[52] *Morris*, 144 F.3d at 380.

a valid and enforceable UM/UIM waiver.[53] In Louisiana, UM coverage is governed by statute in addition to the terms of the insurance contract.[54] Generally, Louisiana law requires insurance contracts to have UM coverage equal to the limits of bodily injury liability coverage under the policy.[55] However, the UM coverage required by statute "is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided" by the statute.[56] When an insured wishes to reject or select coverage at a lesser amount, such rejection must be made in a form that complies with Louisiana Revised Statute § 22:1295(1)(a)(ii).[57] The rejection form must be provided by the insurer and signed by the named insured, or his legal representative.[58] "A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage."[59]

The Louisiana Supreme Court has set forth six elements to establish a valid waiver or rejection of UM coverage: (1) initialing the selection or rejection of chosen coverage; (2) if lower limits are selected, those lower limits are reflected; (3) the printed name of the insured or legal representative; (4) signature of the insured or legal representative; (5) the policy number; and (6) the effective date of rejection.[60] Following a revision of the standard UM form and Bulletin 08-02

---

[53] Rec. Doc. 33-1.

[54] La. Rev. Stat. § 22:1295.

[55] La. Rev. Stat. § 22:1295(1)(a)(i).

[56] *Id.*

[57] *Id.*

[58] La. Rev. Stat. § 22:1295(1)(a)(ii).

[59] *Id.*

[60] *Duncan v. U.S.A.A. Ins. Co.*, 2006-363 (La. 11/29/06), 950 So. 2d 544, 547.

set forth by the insurance commissioner in 2010, inclusion of the policy number on a UM waiver form is optional, but inclusion of the insurer's name is now mandatory.[61] Louisiana law requires a UM rejection be clear and unmistakable.[62] The requirements for rejection of UM coverage apply to transportation network companies, such as Uber.[63] Therefore, Louisiana law permits transportation network companies to waive UM coverage, select lower limits, or select economic-only coverage.[64]

UFCC presents an Uninsured/Underinsured Motorist Bodily Injury Coverage Form executed by Amy E. Wagner on March 1, 2022, on behalf of Raiser.[65] Wagner initialed the section reading "I do not want UMBI Coverage. I understand that I will not be compensated through UMBI coverage for losses arising from an accident caused by an uninsured/underinsured motorist."[66] Wagner's name is printed on the form.[67] She also signed and dated the form.[68] The name of the insurer, UFCC, is printed on the form, along with the policy number.[69] Therefore, the form meets the requirements of Louisiana law and is a valid and unambiguous rejection of UM coverage.

UFCC also presents an uncontested affidavit of Wagner. Wagner attests that she was

---

[61] *Dotson v. Price*, 399 F.Supp. 3d 617, 622 (E.D. La. 2019); *Berkley Assurance Co. v. Willis*, 2020-0354 (La. App. 4 Cir. 9/29/21), 328 So. 3d 567, 575–76.

[62] *Daigle v. Authement*, 1992-1662, p. 3 (La. 4/8/97), 691 So. 2d 1213, 1213.

[63] La. Rev. Stat. § 45:201.6(C)(2).

[64] *Jean v. James River Ins. Co.*, 2019-0041 (La. App. 4 Cir. 5/29/19), 274 So. 3d 43, 46, *writ denied*, 2019-01000 (La. 10/1/19), 280 So. 3d 160. *See also* La. Rev. Stat. § 45:201.6; La. Rev. Stat. §§ 22:1295 (1)(a)(i) and (ii).

[65] Rec. Doc. 33-3 at 4–5.

[66] *Id.* at 4.

[67] *Id.* at 5.

[68] *Id.*

[69] *Id.*

employed as Head of North America Insurance for Uber Technologies, Inc. on March 1, 2022.[70] Uber Technologies, Inc. is the parent company of Rasier.[71] She attests that she was responsible for overseeing and supervising insurance decisions on behalf of Uber and its subsidiaries.[72] She states that she was authorized to reject uninsured/underinsured motorist coverage on behalf of Rasier.[73]

An executed and valid waiver form creates a rebuttable presumption that the insured knowingly rejected uninsured motorist coverage.[74] The burden then shifts to the insured to show that the form was not properly completed.[75] There is no evidence in the record that the insured, Rasier, challenges the validity of the form. Additionally, Plaintiff presented no challenge to the form's validity. Instead, Plaintiff simply argues that she should be allowed to depose Rasier to test the veracity of Wagner's affidavit.

In the Fifth Circuit, courts have discretion to deny a motion for summary judgment as premature.[76] Beyond the court's discretionary power, Rule 56(d) of the Federal Rules of Civil Procedure specifically provides that a court may deny a motion for summary judgment when it is deemed premature. Rule 56(d) provides:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition, the court may:
>     (1) defer considering the motion or deny it;

---

[70] *Id.* at 1.

[71] *Id.*

[72] *Id.*

[73] *Id.*

[74] *Terrell v. Fontenot*, 2011-1472, p. 4 (La. App. 4 Cir. 6/27/12), 96 So. 3d 658, 661.

[75] *Rapalo-Alfaro v. Lee*, 2015-0209 (La. App. 4 Cir. 8/12/15), 173 So. 3d 1174, 1180.

[76] *Sewell v. Sewerage & Water Bd. of New Orleans*, 697 F. App'x 288, 291 (5th Cir. 2017); *Prospect Capital Corp. v. Mut. of Omaha Bank*, 819 F.3d 754, 757 (5th Cir. 2016); *see* 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2717 (4th ed. 2020) ("Deferring a motion is a particularly appropriate step for the court to take if it believes that the summary judgment request is premature.").

(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.[77]

"However, non-moving parties requesting Rule 56(d) relief 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.'"[78] "Instead, the non-moving party must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'"[79]

Plaintiff argues that additional time is needed to conduct discover on the waiver of UM coverage. However, she has not complied with the requirements of Rule 56(d), as she does not include an affidavit or declaration requesting additional discovery. Moreover, Plaintiff simply makes a vague assertion that additional discovery is needed. She does not explain how discovery could produce facts that would assist her in opposing this motion.

According to the Scheduling Order, the parties had until December 2, 2024 to conduct and complete discovery.[80] This matter has been pending in federal court since September 25, 2023, and Plaintiff has been aware of the UM coverage defense since UFCC filed its answer on September 29, 2023.[81] Trial is scheduled to begin on February 10, 2025, and the discovery deadline has already passed.[82] Plaintiff has not requested an extension of the discovery deadline, and it does not appear she has taken any steps to conduct discovery on the UM waiver of coverage issue. Under

---

[77] Fed. R. Civ. P. 56(d).

[78] *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 366 (5th Cir. 2022) (quoting *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013)).

[79] *Id.* (quoting *Biles*, 715 F.3d at 894).

[80] Rec. Doc. 12.

[81] Rec. Doc. 4.

[82] Rec. Doc. 12.

these circumstances, Plaintiff has not established specific reasons why she cannot present essential facts to justify her opposition to UFCC's motion. Finally, the Court notes that other judges have found waivers executed by Wagner on behalf of Rasier to be valid waivers of UM coverage.[83] It does not appear that there are any facts Plaintiff could present to rebut the presumption that the insured knowingly rejected uninsured motorist coverage. Therefore, the Court finds that there are no issues of material fact in dispute and UFCC is entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant United Financial Casualty Co.'s Motion for Summary Judgment[84] is **GRANTED**. Plaintiff Catrina Ward's claims against Defendant United Financial Casualty Co. are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this  4th  day of December, 2024.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[83] *Washington v. Uber Techs., Inc.*, No. CV 22-2078, 2023 WL 3004662, at *3 (E.D. La. Apr. 19, 2023); *Willie v. Nguyen*, 2022-7294 (Orleans Parish C.D.C.) (order attached to reply memo at Rec. Doc. 37-1).

[84] Rec. Doc. 33.