UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CATRINA WARD                                           CIVIL ACTION

VERSUS                                                 NO. 23-5503

RASIER, LLC et al.                                     SECTION: "G"(2)

ORDER AND REASONS

This litigation arises from a motor vehicle collision between Plaintiff Catrina Ward ("Plaintiff") and Defendant Anthony Dominick ("Dominick") when Plaintiff was working as a rideshare driver for Defendant Rasier, LLC, ("Rasier"), more commonly known as "Uber."[1] Rasier is a wholly owned subsidiary of Uber Technologies, LLC, a technology company that facilitates rideshare services between drivers and passengers.[2] Before the Court is Plaintiff's Motion for New Trial on Judgment Granting United Financial Casualty Company's Motion for Summary Judgment.[3] On December 4, 2024, the Court granted Defendant United Financial Casualty Co.'s ("UFCC") Motion for Summary Judgment.[4] UFCC is the alleged uninsured/underinsured motorist ("UM/UIM") carrier for Rasier. The Court found that the UFCC policy did not provide coverage in this matter because Rasier's representative executed a valid and enforceable UM/UIM waiver.[5]

---

[1] Rec. Doc. 1-1.

[2] Rec. Doc. 20-1 at 3.

[3] Rec. Doc. 46.

[4] Rec. Doc. 44.

[5] *Id.*

1

Plaintiff now contends that Rasier could not waive UM coverage under Louisiana law. Plaintiff does not present any manifest error of fact, newly discovered evidence, or an intervening change in the controlling law that would warrant reconsideration. Plaintiff also has not shown that any manifest error of law occurred. Accordingly, having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion for reconsideration.

## **I. Background**

Plaintiff filed a Petition for Damages in the Civil District Court for the Parish of Orleans on August 7, 2023.[6] Plaintiff alleges that on or about January 8, 2023, she was waiting to pick up an Uber passenger when Dominick made a right turn off Bienville Street onto Royal Street in New Orleans and slammed into her parked car.[7] Plaintiff alleges that after the collision occurred, Dominick immediately reversed his vehicle and fled the scene.[8] According to Plaintiff, Dominick is an underinsured motorist and his insurer, Allstate Insurance Company, accepted full liability and paid its policy limits to Plaintiff.[9] In addition to Dominick and Rasier, Plaintiff named UFCC and Atlantic Specialty Insurance Company ("Atlantic") as defendants.[10]

Plaintiff alleges that Rasier was obligated to provide uninsured/underinsured motorist coverage to Plaintiff pursuant to state and local statutes while Plaintiff was performing a service

---

[6] Rec. Doc. 1-1.

[7] *Id.* at 2.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 1.

2

for Uber.[11] Plaintiff alleges that UFCC and Atlantic are Rasier's insurers.[12] Plaintiff alleges that she sustained damages including, but not limited to, past and future pain and suffering, past and future mental anguish and suffering, past and future medical expenses, past and future loss of enjoyment of life, past and future lost wages.[13]

On September 25, 2023, UFCC removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. Section 1332.[14] On November 1, 2024, the Court granted a joint motion to dismiss the claims against Rasier with prejudice.[15] On December 4, 2024, the Court granted Defendant UFCC's Motion for Summary Judgment.[16] On January 2, 2025, Plaintiff settled her claims with Atlantic, and the Court issued an order dismissing those claims.[17]

On January 1, 2025, Plaintiff filed the instant Motion for New Trial on Judgment Granting UFFC's Motion for Summary Judgment.[18] On January 13, 2025, UFFC filed an opposition to the motion.[19] On January 20, 2025, Plaintiff filed a reply brief.[20]

---

[11] *Id.* at 3.

[12] *Id.* at 2–3.

[13] *Id.* at 2.

[14] Rec. Doc. 1. The Notice of Removal asserts that Dominick, a citizen of Louisiana, was fraudulently joined to defeat diversity because Plaintiff has already settled her claims with Dominick and his insurer, Allstate Fire and Casualty Insurance Company, so there is no longer the possibility that Plaintiff can recover from Dominick.

[15] Rec. Doc. 40.

[16] Rec. Doc. 44.

[17] Rec. Doc. 48.

[18] Rec. Doc. 46.

[19] Rec. Doc. 49.

[20] Rec. Doc. 50.

## II. Parties' Arguments

### A. *Plaintiff's Arguments in Support of the Motion*

Plaintiff moves for a "new trial" under Federal Rule of Civil Procedure 59.[21] Plaintiff argues that transportation network companies ("TNCs") like Uber cannot reject UM coverage mandated by Louisiana Revised Statute § 45:201.6.[22] Plaintiff asserts this mandate exists independently from the general UM requirements found in Louisiana Revised Statute § 22:1295.[23] Plaintiff contends Section 22:1295's rejection provisions do not apply to TNCs.[24] Plaintiff argues that the Louisiana Fourth Circuit case, which was relied on by the Court in the prior order granting summary judgment, was incorrectly decided and failed to conduct a proper statutory analysis.[25]

### B. *UFCC's Arguments in Opposition to the Motion*

UFCC asserts that a motion for a "new trial" is not appropriate because there was not a trial in this matter, and UFCC argues the motion should be denied on this basis alone.[26] Should this Court review Plaintiff's Motion as one to "alter or amend the judgment" pursuant to Rule 59(e), UFCC contends the Motion must still be denied.[27] UFCC argues that Plaintiff is raising a legal argument she failed to assert in opposition to the motion for summary judgment.[28] UFCC asserts

---

[21] Rec. Doc. 46.

[22] Rec. Doc. 46-1 at 2.

[23] *Id.* at 5.

[24] *Id.* at 6.

[25] *Id.* at 8 (citing *Jean v. James River Ins. Co.*, 2019-0041 (La. App. 4 Cir. 5/29/19), 274 So. 3d 43, 46, *writ denied*, 2019-01000 (La. 10/1/19), 280 So. 3d 160).

[26] Rec. Doc. 49 at 1.

[27] *Id.*

[28] *Id.* at 2.

that the issues raised would have been more properly addressed against Rasier, not UFCC.[29] Nevertheless, UFCC contends the arguments do not warrant reconsideration as this Court considered Louisiana Revised Statute § 45:201.6, Louisiana Revised Statute § 22:1295, and the *Jean* case in the original Order and Reasons.[30] UFCC suggests that Plaintiff is attempting to relitigate this issue with a new argument that could have and should have been presented before the judgment was rendered.[31]

### C.  *Plaintiff's Arguments in Further Support of the Motion*

In reply, Plaintiff contends that reconsideration is warranted "due to clear error in statutory interpretation that would result in manifest injustice."[32] Plaintiff asserts that the current interpretation statutory found in *Jean* "fundamentally misreads the statutory framework governing TNCs, overlooks express legislative directives regarding construction of these provisions, and produces an absurd result that undermines Louisiana's strong public policy favoring UM coverage."[33]

## III. Legal Standard

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[34] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[35] Rules 59 and

---

[29] *Id.* at 3.

[30] *Id.* at 4.

[31] *Id.*

[32] Rec. Doc. 50 at 1.

[33] *Id.*

[34] *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990).

[35] *Id*; *Castrillo v. Am. Home Mortg. Servicing, Inc.,* No. 09-4369, 2010 WL 1424398, at *3–4 (E.D. La. Apr.5,

60, however, apply only to final judgments.[36] An interlocutory order is not final because the court "at any time before final decree [could] modify or rescind it."[37] The Court's Order on UFCC's motion for summary judgment was interlocutory because it only adjudicated Plaintiff's claims against UFCC, not her claims against the other defendants. When the Order was issued, Plaintiff still had claims pending against other defendants, and a final judgment has not been issued.

When a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls.[38] The Rule states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[39]

Under Rule 54(b), the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[40] However, this broad discretion[41] must be exercised sparingly in order to forestall the perpetual reexamination of

---

2010) (Vance, C.J.).

[36] Rule 59 concerns motions to "alter or amend a judgment" whereas Rule 60 can provide relief from "a *final* judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added). The Advisory Committee Notes of 1946 state that "[t]he addition of the qualifying word 'final' emphasizes the character of judgment, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." Fed .R. Civ. P. 60(b) (1946 Advisory Committee Notes). *See* also *Helena Labs. Corp.,* 483 F.Supp.2d 538 (E.D. Tex. 2007) (motion was improperly filed under Rule 59(e) when there existed no final judgment that had been entered).

[37] *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 858, 862 (5th Cir. 1970) (quoting *John Simmons Co. v. Grier Brothers Co.,* 258 U.S. 82, 88 (1922)).

[38] Fed. R. Civ. P. 54(b). *See also, Helena Labs.,* 483 F.Supp.2d 538 (motion for reconsideration under Rule 59(e) treated as under Rule 54(b) because reconsideration of partial summary judgment order was sought, and no final judgment had been entered in the case).

[39] Fed. R. Civ. P. 54(b).

[40] *Melancon v. Texaco, Inc.,* 659 F.2d 551, 553 (5th Cir.1981).

[41] *See Calpetco 1981 v. Marshall Exploration, Inc.,* 989 F.2d 1408, 1414–15 (5th Cir.1993).

orders and the resulting burdens and delays.[42] Further, the decision of the district court to grant or deny a motion for reconsideration will only be reviewed for an abuse of discretion.[43]

The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.[44] A Rule 59(e) motion "calls into question the correctness of a judgment,"[45] and courts have considerable discretion in deciding whether to grant such a motion.[46] In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.[47] Courts in the Eastern District of Louisiana have generally considered four factors in deciding a motion under the Rule 59(e) standard:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
> (2) the movant presents newly discovered or previously unavailable evidence;
> (3) the motion is necessary in order to prevent manifest injustice; or
> (4) the motion is justified by an intervening change in controlling law.[48]

Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[49] and the motion must

---

[42] *See, e.g.,* 18B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4478.1 (2d ed.2002).

[43] *Martin v. H.M.B. Constr. Co.,* 279 F.2d 495, 496 (5th Cir.1960) (citation omitted). *See also, Garcia v. Woman's Hosp. of Tex.,* 97 F.3d 810, 814 (5th Cir.1996).

[44] *See, e.g., Castrillo,* 2010 WL 1424398, at *3; *Rosemond v. AIG Ins.,* No. 08-1145, 2009 WL 1211020, at *2 (E.D.La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches,* No. 05-4182, 2009 WL 1046016, at *1 (E.D.La. Apr.16, 2009) (Duval, J.).

[45] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.),* 303 F.3d 571, 581 (5th Cir.2002).

[46] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 355 (5th Cir.1993).

[47] *Id.* at 355–56.

[48] *See, e.g., Castrillo,* 2010 WL 1424398, at *4 (citations omitted).

[49] *Templet v. Hydro Chem Inc.,* 367 F.3d 473, 478–79 (5th Cir.2004).

"clearly establish" that reconsideration is warranted.[50] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[51]

### IV. Analysis

This Court previously granted summary judgment in favor of UFCC because it found that the undisputed evidence in the record established that Rasier's representative executed a valid and enforceable UM/UIM waiver.[52] In the instant motion for reconsideration, Plaintiff does not raise any argument regarding the propriety of the Court's factual findings. Instead, Plaintiff advances a new legal argument that the Louisiana Fourth Circuit Court of Appeal case relied on by this Court, *Jean v. James River Ins. Co.*, was improperly decided.

In Louisiana, UM coverage is governed by statute in addition to the terms of the insurance contract.[53] Generally, Louisiana law requires insurance contracts to have UM coverage equal to the limits of bodily injury liability coverage under the policy.[54] However, the UM coverage required by statute "is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided" by the statute.[55] When an insured wishes to reject or select coverage at a lesser amount, such rejection must be

---

[50] *Schiller v. Physicians Res. Group Inc.,* 342 F.3d 563, 567 (5th Cir.2003).

[51] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.,* 259 F.Supp.2d 471 (M.D. La. 2002). *See also Mata v. Schoch,* 337 B.R. 138 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *see also, FDIC v. Cage,* 810 F.Supp. 745, 747 (D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[52] Rec. Doc. 44.

[53] La. Rev. Stat. § 22:1295.

[54] La. Rev. Stat. § 22:1295(1)(a)(i).

[55] *Id.*

made in a form that complies with Louisiana Revised Statute § 22:1295(1)(a)(ii).[56] The rejection form must be provided by the insurer and signed by the named insured, or his legal representative.[57] "A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage."[58]

Louisiana Revised Statute § 45:201.6(b)(2) requires TNCs to "include [UM] coverage to the extent required by [Section] 22:1295." Section 22:1295(1)(a)(i) exempts insurers from UM coverage "when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided in Item (1)(a)(ii) of this Section." Therefore, when read together, the clear language of the statutes suggest that TNCs can waive coverage as long as the waiver complies with Section 22:1295(1)(a)(ii).

In Louisiana, "all laws pertaining to the same subject matter must be interpreted in *pari materia*, or in reference to each other."[59] Therefore, reading the UM requirements for TNCs in *pari materia* to the general UM statute—which allows an insured to waive or reject UM coverage—is consistent with Louisiana statutory interpretation principals. Plaintiff suggests that Section 45:201.6 creates a distinct mandate for TNCs to obtain UM coverage. However, Plaintiff's interpretation is inconsistent with a plain reading of the statutes.[60] Section 45:201.6 unambiguously incorporates all of Section 22:1295, and Section 22:1295 allows an insured to waive UM coverage. Plaintiff also argues that this interpretation is inconsistent with New Orleans City Ordinance

---

[56] *Id.*

[57] La. Rev. Stat. § 22:1295(1)(a)(ii).

[58] *Id.*

[59] *Pierce Foundations, Inc. v. Jaroy Construction, Inc.*, 15-785, p. 7 (La. 5/3/16), 190 So. 3d 298, 303.

[60] *See Jean*, 274 So.3d at 46.

9

requiring TNCs to obtain UM coverage. However, the New Orleans City Ordinance is preempted by Louisiana Revised Statute § 45:201.6.[61] As such, there is no independent mandate for TNCs to obtain UM under Section 45:201.6, because the plain language of the statute requires TNCs to obtain UM coverage "to the extent required by" Section 22:1295.[62] Plaintiff does not present any manifest error of fact, newly discovered evidence, or an intervening change in the controlling law that would warrant reconsideration. Plaintiff also has not shown that any manifest error of law occurred. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for New Trial on Judgment Granting United Financial Casualty Company's Motion for Summary Judgment[63] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  1st  day of July, 2025.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[61] *Willie v. Nguyen*, No. 2023-C-0458 (La. App. 4 Cir. 08/16/23); *writ denied* 2023-01253 (La. 11/21/23), 373 So. 3d 440; *see also New Orleans Campaign For a Living Wage v. City of New Orleans*, 2002-0991 (La. 9/4/02), 825 So. 2d 1098, 1101 (Louisiana state law prevails over a New Orleans city ordinance).

[62] *See Guerrera v. United Fin. Cas. Co.*, No. 2:24-CV-1354, 2025 WL 522702, at *5 (E.D. La. Feb. 18, 2025) (Guidry, J.); *Washington v. Uber Techs., Inc.*, No. CV 22-2078, 2023 WL 3004662, at *3 (E.D. La. Apr. 19, 2023) (Guidry, J.); *Willie v. Nguyen*, 2022-7294 (Orleans Parish C.D.C.) (order attached to reply memo at Rec. Doc. 37-1).

[63] Rec. Doc. 46.